# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARATH BLANCO,<br><br>                Petitioner,<br>vs.<br><br>JEANNE WOODFORD, Director of the California Department of Corrections,<br><br>                Respondent. | CASE NO. 05CV175-IEG(LSP)<br><br>Order Rejecting Petitioner's Objections to Second Report and Recommendation; Adopting Report and Recommendation; Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability |

    Petitioner, a state prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his December 31, 1997 conviction of first degree murder and other related charges in San Diego County Superior Court Case No. SDC120491. Respondent filed her answer, arguing the petition should be dismissed because it was an unauthorized successive petition in violation of 28 U.S.C. § 2244(b), was barred by the statute of limitations set forth in 28 U.S.C. § 2244(d), and because the claims lacked merit. By order filed November 1, 2005, the Court found the petition was not successive or time barred and that claims 2, 4, and 8 lacked merit. The Court remanded claims 1, 3, 5, 6, and 7 to the Magistrate Judge for consideration of the merits of those claims.

    On May 16, 2006, Magistrate Judge Papas filed a Second Report and Recommendation for denial of the petition. On August 10, 2006, Petitioner filed objections to the Second Report and Recommendation. Having reviewed all of the relevant pleadings in this case *de novo*, including

the state court record, the Court hereby rejects Petitioner's objections to the Second Report and Recommendation, adopts the Second Report and Recommendation, and denies the petition.

### *Discussion*

The Second Report and Recommendation (2d R&R) correctly outlines the procedural background of this case and standard of review, and it is unnecessary to repeat those matters here. In light of the Court's November 1, 2005 Order, the only claims currently at issue are Petitioner's claims 1, 3, 5, 6, and 7, as follows:

1. Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments were violated by the trial court's failure to instruct the jury on a key element of the robbery-murder special circumstance;

3. Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments were violated when the trial court refused to allow him an evidentiary hearing in support of his motion to quash the jury panel;

5. Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments were violated by jury misconduct;

6. Petitioner suffered ineffective assistance of trial counsel; and

7. Cumulative error violated Petitioner's rights to due process, trial by jury, and effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments.

As to each of these claims, Petitioner objects to the Magistrate Judge's recommendation that the claims lack merit.

*1. Jury Instruction Error (Claim 1)*

Petitioner claims his due process rights were violated by the trial court's failure to instruct on a key element of the robbery-murder special circumstance. Petitioner contends the court erroneously substituted the article "a" for the article "the" in the written, modified version of CALJIC 8.81.17 given to the jury. Petitioner argues the erroneous instruction permitted the jury to find the special circumstance if *any* of Petitioner's co-defendants, not necessarily Petitioner, were engaged in robbery at the time of the murder. Petitioner acknowledges the trial court's verbal instructions to the jury were correct. Upon *de novo* review, the Court finds the Magistrate Judge

thoroughly and correctly analyzed the issues relating the Petitioner's claim 1, and adopts in full that portion of the Second Report and Recommendation.

In his objections, Petitioner once again argues the substitution of the article "a" in place of the article "the" is per se reversible because the error permitted the jury to find the robbery-murder special circumstance in a manner contrary to the California Supreme Court's decision in People v. Pulido, 15 Cal. 4th 713 (1997).  As the Magistrate Judge properly noted, however, regardless of whether instructional error violated state law, federal habeas relief is available only where the error "by itself so infected the entire trial that the resulting conviction violated due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991); Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Clark v. Brown, 450 F.3d 898, 904 (9th Cir. 2006).  Instructions must be considered in the context of all the instructions and the trial record as a whole.  Boyde v. California, 494 U.S. 370, 278 (1990).

In this case, there is no likelihood that the trial court's use of the improper article in the written instructions allowed the jury to find the robbery-murder special circumstance based upon something other than Petitioner's guilt.  The jury found Petitioner guilty of murder and robbery, and there was ample evidence in the record to support the prosecution's theory that the murder was committed while the Petitioner was engaged in the commission of the robbery in order to carry out or advance the commission of the robbery.  The typographical error in the written jury instructions did not "so infect the entire trial" as to violate Petitioner's due process rights.  The state court's decision rejecting this claim was neither contrary to nor an unreasonable application of clearly established federal law.

*2.  Racial Composition of Jury Panel (Claim 3)*

Petitioner claims that San Diego County's method of compiling juror lists, utilizing DMV registration lists and deleting duplicative names, resulted in the systemic exclusion of Hispanics from the jury pool.  Petitioner argues his rights were violated when the trial court refused to hold an evidentiary hearing in support of his motion to quash the jury panel and ultimately denied his motion to quash the panel.  Upon *de novo* review, the Court finds the Magistrate Judge thoroughly analyzed this claim and the Court adopts in full the Second Report and Recommendation.

In his objections, Petitioner argues the Magistrate Judge misapplied the standards set forth

in Duren v. Missouri, 439 U.S. 357 (1979) by requiring him to make a showing that the systemic exclusion of Hispanics from the jury panel was the result of unequal treatment of distinct groups. A review of the complete discussion of this claim in the Second Report and Recommendation reveals, however, that the Magistrate Judge knew and applied the proper standard -- inquiring whether the method used by the County of San Diego to compile its jury lists resulted in the systemic exclusion of Hispanics. Although Petitioner in this case alleged the County's method of compiling its jury list resulted in the systemic underrepresentation of Hispanics, he failed to present any evidence connecting the underrepresentation with the system by which the juries were selected. Randolph v. California, 380 F.3d 1133 (9th Cir. 2004) and United States v. Rodriguez-Lara, 421 F.3d 932 (9th Cir. 2005).

Petitioner argues the trial court violated his right to due process by refusing to hold an evidentiary hearing to allow him to develop this claim. Petitioner does not, however, point to any clearly established federal law which would have required the state trial court to hold an evidentiary hearing under these circumstances. In the absence of such authority, Petitioner is not entitled to habeas relief. See, e.g. Sims v. Rowland, 414 F.3d 1148, 1153 (9th Cir. 2005) (Petitioner is not entitled to habeas relief where the Supreme Court has not yet decided whether due process requires a trial court to hold an evidentiary hearing to explore evidence of juror bias).

*3. Jury Misconduct (Claim 5)*

Petitioner claims his right to a fair jury, to confront witnesses, and to conduct cross-examination were violated by the misconduct of two jurors who purportedly stated during deliberations that defendants were gang members and would "do it again" if the jury "let them off." The Second Report and Recommendation correctly and thoroughly analyzed Petitioner's claim, and following *de novo* review the Court adopts it in full.

Petitioner objects that the Magistrate Judge failed to properly identify and apply the standards applicable to his claim that the jury considered extrinsic evidence and therefore reached their verdict based upon an improper basis. The Second Report and Recommendation, however, properly set forth the governing law of Sassounian v. Roe, 230 F.3d 1097, 1109-10 (9th Cir. 2000). The Magistrate Judge then properly applied those factors to determine that the state court's

rejection of Petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law.

### 4. Ineffective Assistance of Counsel (Claim 6)

Petitioner contends he was denied the effective assistance of counsel under the Sixth and Fourteenth Amendments.[1]  Petitioner argues his trial counsel was constitutionally ineffective for failing to object to the grounds asserted in claims 1, 2, and 4 of the petition.  Petitioner does not object to any particular portion of the Report and Recommendation regarding Claim 6.

Upon *de novo* review, the Court finds the Magistrate Judge properly identified the controlling law regarding Petitioner's claim of ineffective assistance of trial counsel, and applied that law to the facts of Petitioner's claim.  Therefore, the Court adopts in full the Second Report and Recommendation regarding Petitioner's claim 6.

### 5. Cumulative Error (Claim 7)

Finally, Petitioner contends cumulative trial error violated his rights to due process, trial by jury, and effective assistance of counsel.  Again, Petitioner does not object to any particular portion of the Magistrate Judge's Second Report and Recommendation regarding Claim 7.

Upon *de novo* review, the Court finds the Magistrate Judge properly set forth the standard regarding when cumulative constitutional error may warrant habeas relief, and the Court adopts in full that portion of the Second Report and Recommendation regarding this claim. Because the Court has found no constitutional error, Petitioner is not entitled to relief on his cumulative error claim.

### *Conclusion*

For the reasons set forth herein, the Court hereby REJECTS Petitioner's objections, ADOPTS in full the May 16, 2006 Second Report and Recommendation, and DENIES the petition for a writ of habeas corpus in this case.

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a petitioner's claims have

---

[1] In his petition, Petitioner alleged he was denied effective assistance of trial and appellate counsel, but in his Traverse, Petitioner dropped his claim for relief based upon ineffective assistance of appellate counsel. [Traverse at p. 117.]

1  been denied on their merits, as here, a petitioner can meet the threshold "substantial showing of the
2  denial of a constitutional right," by demonstrating that: (1) the issues are debatable among jurists
3  of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions
4  are adequate to deserve encouragement to proceed further.  Lambright v. Stewart, 220 F.3d 1022,
5  1024-25 (9th Cir. 2000), citing  Slack v. McDaniel, 529 U.S. 473 (2000).  Upon review, the Court
6  concludes that Petitioner has not made a "substantial showing of the denial of a constitutional
7  right."  Therefore, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

DATED:  October 27, 2006

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**